# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01304-STV

KAILEY MEZZACAPO

        Plaintiff,

v.

BIOLIFE PLASMA SERVICES, L.P.

        Defendants.

### STIPULATED PROTECTIVE ORDER

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. Any party or non-party may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure, Colorado law, or any other applicable law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated. By stipulating to this Order, and by producing any Confidential Information (as defined in this Order) pursuant to this Order, no party is waiving any objections it may have to the discoverability of information or documents, including but not limited to objections based on privilege, the Colorado Uniform Trade Secrets Act or other

applicable trade secret legislation, the Federal Rules of Civil Procedure, or the Federal Rules of Evidence. Further, nothing in this Order shall affect a Party's right to withhold production of or redact documents or information containing information that it contends are neither relevant nor necessary to the prosecution of any claim or defense.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All information produced or exchanged in the course of this case regardless of confidentiality designation (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case and no other action.

4. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) individual plaintiffs, individual defendants, any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if the party chooses a consultant or expert employed by a competitor (which does not include medical professionals, doctors, nurses, or phlebotomists that are not employed by competing plasma donation centers) of any of the disclosing party, the party shall notify the disclosing party before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

(e) any authors or recipients of the Confidential Information;

(f) the Court, Court personnel, and court reporters; and

      (g)    witnesses (other than persons described in paragraph 4(e)).

A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information may be used during the deposition and will be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

      5.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

      6.    No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

      7.    A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

      8.    If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the

4

material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

10. Any party in possession of another party's Confidential Information shall exercise reasonable care with regard to the storage, custody, or use of that Confidential Information. Receiving Parties must take reasonable precautions to protect Confidential Information from loss, misuse and unauthorized access, disclosure, alteration or destruction. This includes, at minimum, maintaining received Confidential Information in a secure litigation support site(s) that applies standard industry practices regarding data security, including application of access control rights to those persons entitled to access Confidential Information under this Order. If the Receiving Party discovers a breach of security relating to the Confidential Information of a Producing Party, the Receiving Party shall provide written notice to the Producing Party within 72

5

hours of discovery and work with Producing Party to investigate and remediate the effects of the breach.

11. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

13. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

14. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

16. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: _____, 2022.

BY THE COURT:

_____
United States District Judge

APPROVED:

Dated: August 5, 2022

                                              *s/ Russell R. Hatten*
                                              Russell R. Hatten
                                              James H. Chalat
                                              Chalet Hatten & Banker PC
                                              1600 Broadway; Ste. 1920
                                              Denver, Colorado 80202
                                              Telephone: 303.861.1042
                                              Email:  rhatten@chalatlaw.com
                                                              jchalat@chaletlaw.com

*Attorneys for Kailey Mezzacapo*


                                              *s/  Jacob D. Taylor*
                                              Michele On-ja Choe
                                              Jacob D. Taylor
                                              Wheeler Trigg O'Donnell LLP
                                              370 Seventeenth Street, Suite 4500
                                              Denver, CO 80202
                                              Telephone:   303.244.1800
                                              Facsimile:   303.244.1879
                                              Email:   choe@wtotrial.com
                                                               taylor@wtotrial.com

*Attorneys for BioLife Plasma Services, L.P.*

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01304-STV

KAILEY MEZZACAPO

        Plaintiff,

v.

BIOLIFE PLASMA SERVICES, L.P.

        Defendants.

## EXHIBIT A - CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, \_\_\_\_\_ 2022, in *Kailey Mezzacapo v. BioLife Plasma Services, L.P.*, 1:22-cv-01304-STV. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information -- including copies, notes, or other transcriptions made therefrom -- in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information -- including copies, notes or other transcriptions made therefrom -- to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the Protective Order.

DATED: _____.        SIGNED. _____.